IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FERNANDO GALVAN, STACY GALVAN** | § § § § |
| vs. | § § Case No. 4:17-cv-2384 |
| **PALOMAR SPECIALTY INSURANCE COMPANY.** | § § § § |

### DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, PALOMAR SPECIALTY INSURANCE COMPANY ("Palomar") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows the following.

### I.
### Factual Background

1. On or about June 23, 2017, Plaintiffs filed their Original Petition in a case styled *Fernando Galvan, Stacy Galvan v. Palomar Specialty Insurance Company*, Cause No. 2017-42155, pending in the 189th Judicial District Court for Harris County, Texas.

2. Palomar was served with the Original Petition on July 5, 2017. Palomar filed its Original Answer to Plaintiff's Original Petition on July 26, 2017.

3. Palomar files this notice of removal within 30 days of service of citation and within one year from the commencement of the action. *See* 28 U.S.C. §1446(b) and (c).

4. Attached hereto are copies of the following documents:

- **Exhibit A:** The state court's Docket Sheet;

- **Exhibit B:** Plaintiff's Original Petition;

- **Exhibit C:** Civil Case Information Sheet;

- **Exhibit D:** Civil Process Pick Up Form;

- **Exhibit E** Executed Citation;

- **Exhibit F** Answer;

- **Exhibit G:** List of Parties and Counsel

## II.
## Basis For Removal

5. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### Plaintiff and Palomar Are Diverse

6. Upon information and belief, Fernando Galvan and Stacy Galvan ("Galvan" or "Plaintiffs") were residents and citizen of the state of Texas at the time the lawsuit was filed.

7. Palomar Specialty Insurance Company is and was at the time the lawsuit was filed, an Oregon domiciled insurance company with its principal place of business in California.

### The Amount In Controversy Exceeds The Jurisdictional Requirements For Subject Matter Jurisdiction

8. As alleged in their Original Petition, Plaintiffs seek monetary relief of over $100,000 but not more than $200,000.  *See* Plaintiff's Original Petition, paragraph 9.1 (**Exhibit B**).  Therefore, the amount in controversy exceeds the jurisdictional requirements for removal.

## III.
## The Removal is Procedurally Correct

9. Because Plaintiffs are citizens of Texas and Defendant Palomar is a citizen of Oregon, complete diversity of citizenship exists among the parties.

10. Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal action is proper.

11. This Notice of Removal is timely because this Notice of Removal is being filed within 30 days after service and within one year from the commencement of the action under 28 U.S.C. § 1446(b) and (c).

12. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

13. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

14. Promptly after Palomar files this Notice of Removal, written notice of the filing will be given to Plaintiffs pursuant to 28 U.S.C. §1446(d).

15. Promptly after Palomar files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Hidalgo County District Court pursuant to 28 U.S.C. §1446(d).

## IV.
## Conclusion

16. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Palomar hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ George H. Arnold*

        George H. Arnold, **Attorney-In-Charge**
        Southern District Bar No. 15948
        State Bar No. 00783559
        One Riverway, Suite 1400
        Houston, Texas 77056
        Telephone: (713) 403-8210
        Facsimile:  (713) 403-8299
        E-mail: garnold@thompsoncoe.com

OF COUNSEL:

Marilyn S. Cayce
State Bar No.17705500
Southern District I.D. No. 9986
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8382
Facsimile:  (713) 403-8299
E-mail: mcayce@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT**
**PALOMAR SPECIALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

     This is to certify that on the 4th day of August 2017, a true and correct copy of the foregoing document was delivered to all counsel of record, via the Court's ECF notification system pursuant to the Federal Rules of Civil Procedure:

    Jesse Corona
    The Corona Law Firm
    521 N Sam Houston Pkwy
    Suite 420
    Houston, Texas 77060

                      */s/ Marilyn S. Cayce*
                      Marilyn S. Cayce